STANDARD CONVEYOR COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 33159, 36393, 40873. Promulgated January 21, 1932.

W. H. Oppenheimer, Esq., for the petitioner.
Brooks Fullerton, Esq., for the respondent.

OPINION.

TRAMMELL: Respondent has disallowed for each of the taxable years before us, deductions taken by petitioner as representing exhaustion of the group of patents owned by it on March 1, 1913, and based on a valuation of $230,000 as of that date. Respondent here contends that the patents had no value as of that date, or, if they had a value, it is necessary for petitioner to show such value separately in the case of each patent and not collectively, in view of the fact that two of these patents expired in 1924, the second taxable year of the five years before us.

Upon careful consideration of the evidence adduced, we can not agree with either of respondent's contentions. We think the evidence amply supports a finding of substantial value for these patents on March 1, 1913. Respondent calls attention to the prices at which petitioner's stock sold prior to that date and its failure to earn a profit as showing an absence of value in the patents. We do not think, however, that a low market price for petitioner's stock during the lean years of operation before the value of its product was recognized, and while it was laboring under the handicap of general business depression, insufficient working capital and inefficient executive management, establishes the fact that after such period was over and it had begun to realize profits from operation, its patents were without value. On March 1, 1913, facts were known and other facts reasonably could be forseen or anticipated which clearly indicated that the patents were valuable. Petitioner introduced the testimony of three witnesses with long experience in patent valuation and qualified to express opinions with respect thereto. We think this testimony, together with other evidence in the record respecting the business of petitioner as of March 1, 1913, its growth and reasonable expectation of future development, and the position it occupied among the manufacturers of conveyor systems by reason of its possession of these patents, amply supports the valuation of $230,000 placed upon the group of patents as of that date, and claimed by the petitioner.

As to the second question, it is evident that it is impossible to value these seven patents separately. Their value, as in the case of many groups of patents representing improvements on the prior art, appears largely to consist of their combination. We have held heretofore under such conditions that the reasonable allowance permitted by the statute for exhaustion of their value is by computing their average remaining life as of March 1, 1913, and exhausting their group value, as of that date, over this period. *Simmons Co.*, 8 B.

T. A. 631; *Weser Bros., Inc.*, 12 B. T. A. 1394. In *Union Metal Manufacturing Co.*, 4 B. T. A. 287, we said:

The respondent urges that a deduction can not be computed and hence may not be allowed unless each patent is separately valued. If this were true it would effectively preclude, in many cases, the deduction which the statute contemplates, for the difficulty of patent valuation generally would become an impossibility. Congress is not to be supposed to have allowed a deduction and at the same time intended a method of computation so rarely available as to deprive most taxpayers of the deduction allowed. The statute expressly prescribes a reasonable allowance, and this we think is met by adopting the average method in this instance.

The deficiencies will be recomputed in accordance with the foregoing opinion.

*Judgment will be entered under Rule 50.*